IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 03-81-01ML |
| | : | (Superseding Indictment) |
| NIGEL POTTER, *et al.* | : | |

**DEFENDANT NIGEL POTTER'S OBJECTION TO EVIDENCE NOT RELEVANT TO HIS STATE OF MIND**

Defendant Nigel Potter objects to evidence concerning the state of mind of any government witness unless that witness's state of mind was communicated to him.

The question here is Nigel Potter's intent. The communications of other people are relevant only insofar as they provide circumstantial evidence of his state of mind, *i.e.,* what he was told. What any witness "meant" by his communication to Nigel Potter, or "why" he made the communication, or what he was "concerned" about or any other information about the government witness's state of mind, unless communicated to Mr. Potter, is irrelevant under Rule 401. It is also confusing and unfairly prejudicial under Rule 403. It amounts to vouching for the existence of certain facts without evidence that Mr. Potter knew those facts and/ or knew them in the same context the government witness says he (the witness) knew them.

This objection encompasses testimony of Skip Sherman or David Brents concerning what he meant by any statement he made to Mr. Potter, what he meant by words he put in any document he sent to Mr. Potter, why he included any given item in any agenda, what concerns he had about the McKinnon proposal, and the like. Only the terms of actual communications to Mr. Potter are relevant here.

Respectfully submitted,
NIGEL POTTER
By his Attorneys,

C. Leonard O'Brien (E.T.)

C. LEONARD O'BRIEN, ESQ. (#1886)
B. JEAN ROSIELLO, ESQ. (#2886)
MacFadyen, Gescheidt and O'Brien
101 Dyer Street
Providence, RI 02903

**CERTIFICATION**

I hereby certify that I caused the **original** of the within document to be hand-delivered to Judge Mary M. Lisi, and a **copy** of the within document to be hand-delivered to Craig Moore and Lee Vilker, Assistant United States Attorneys; John Tarantino, Esq.; and Anthony Traini, Esq., in the courtroom during the trial of this matter in U.S. District Court in Worcester, Massachusetts, on the 19th day of July, 2005.

Ellen Taylor