IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| NIGEL POTTER; | : | CR 03-81-01ML |
| DANIEL BUCCI; and | : | (Superseding Indictment) |
| BURRILLVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**DEFENDANT NIGEL POTTER'S MEMORANDUM IN SUPPORT OF THE INTRODUCTION OF OUT-OF-COURT STATEMENTS**

**Introduction**

This Court has upheld government objections to questions seeking to elicit from Mr. Potter the information he possessed and the understanding he gained during the operative events of this case. This testimony was not offered to establish the "truth" of the information which Mr. Potter received or its the accuracy. Rather, it is offered to establish the basis on which he took the actions at issue in this case.

This is a case where the government has charged a specific intent crime in a context which is largely inchoate: very little actually happened; and certainly no money was ever paid. Instead, the issue of intent is preeminent. Consequently, Mr. Potter must be permitted to testify about what he was told and what he understood.

**<u>The Rules in General</u>**

As a general proposition, hearsay is inadmissible at trial. F.R.Evid. 802. Rule 801(c) of the *Federal Rules of Evidence* defines hearsay as a statement "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hence, statements offered for some other purpose are not objectionable under F.R.Evid. 802.

The First Circuit has repeatedly applied this general principle to hold that statements "offered to show the effect of the word spoken on the listener (e.g., to supply a motive for the listener's action)", *United States vs. Bailey*, 270 F. 3rd 83, 87 (1st Cir. 2001) are not offered for the truth of the matter asserted and hence are not excludable by the prohibition against heresay. *Id., Accord United States vs. Brassard*, 212 F. 3rd 54, 58 (1st Cir. 2000); *United States vs. Murphy*, 193 F. 3rd 1, 5 n.2 (1st Cir. 199); *United States vs. Castro-Lara*, 970 F.2d 976, 981 (1st Cir. 1992). Similarly, statements offered to show the context in which the listener was operating are not hearsay. *Bailey, supra* at 87; *United States v. Catano*, 65 F.3d 219, 222 (1st Cir. 1995).[1]

It is important to note that such non-hearsay statements may be admissible even when the declarant does not testify. This is so because the listener has first hand information as to whether the statement was made and what s/he understood; and can be cross-examined on these points. Thus, for example, it appears that the speakers in the *Bailey* case, the *Murphy* case and the *Castro-Lara* case did not testify, yet the listener was permitted to testify to what he was told.

---

[1] These principles and caselaw were addressed in *Defendant Nigel Potter's Memorandum in Support of the Introduction of Out-of-Court Statements* filed in the first trial of this case which defendant incorporates by reference.

**Conclusion**

The *Federal Rules of Evidence* permit Mr. Potter to testify to what others told him and what he understood from these statements. This evidence is essential to the defense of this case. It should be admitted.

Respectfully submitted,
NIGEL POTTER
By his Attorneys,

C. LEONARD O'BRIEN, ESQ. (#1886)
B. JEAN ROSIELLO, ESQ. (#2886)
MacFadyen, Gescheidt and O'Brien
The Owen Building
101 Dyer Street
Providence, RI 02903

Dated: July 27, 2005

**CERTIFICATION**

I hereby certify that I hand delivered a copy of the within document to Craig Moore and Lee H. Vilker, Assistant United States Attorneys, United States Attorney's Office, 50 Kennedy Plaza, 8th floor, Providence, RI 02903; to John Tarantino, Esq., and Patricia K. Rocha, Esq., Adler, Pollock & Sheehan, P.C., 1 Citizens Plaza, 8th Floor, Providence, RI 02903, and to Anthony Traini, Esq., 56 Pine Street, Providence, RI 02903, on the 27 day of July, 2005.