IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| NIGEL POTTER; | : | CR 03-81-01ML |
| DANIEL BUCCI; and | : | (Superseding Indictment) |
| BURRILLVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**DEFENDANT NIGEL POTTER'S MEMORANDUM IN SUPPORT OF THE INTRODUCTION OF OUT-OF-COURT STATEMENTS**

**Introduction**

The government has indicated that it may object under F.R.Evid. 802 to the presentation of evidence of certain out-of-court statements. The defense case, however, will proffer out-of-court statements for reasons other than the truth of the matters asserted. Consequently, under F.R.Evid. 801(c), they cannot be deemed hearsay. Further, in the alternative, even if certain specific statements were offered for the truth of the matters asserted, those statements will be admissible under F.R.Evid. 803(3)'s exception for a "[t]hen existing mental ... condition."

This is a case where the government has charged a specific intent crime in a context which is largely inchoate: very little actually happened; and certainly no money was ever paid. Consequently, the issue of intent is preeminent.

14

**The Rules in General**

As a general proposition, hearsay is inadmissible at trial. F.R.Evid. 802. Rule 801(c) of the *Federal Rules of Evidence* defines hearsay as a statement "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hence, statements offered for some other purpose are not objectionable under F.R.Evid. 802. Further, certain categories of statements will not be excluded by the hearsay rule regardless of whether their purpose is to prove the truth of a matter asserted. Among them is the exception for then-existing mental condition contained in F.R.Evid. 803(3):

> A statement of the declarant's then-existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain and bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant's will.

**Not For the Truth of the Matter Asserted**

A wide variety of statements will fall into the category of matters which inherently are not offered for the truth of what is stated. Other statements depend on the precise context as to whether they avoid the definition of hearsay. Statements which by their very nature are not offered for the truth include the following:

- Statements which have a certain impact or effect based solely on the fact that they were made, so-called "verbal acts": *Curreri v. International Brotherhood of Teamsters*, 722 F.2d 6, 11 (1st Cir. 1983).
- Statements requesting assistance: *United States v. Hicks*, 848 F.2d 1, 3 (1st Cir. 1988).

- Statements which are instructions, directions or advice: *United States v. Bailey*, 270 F.3d 83, 87 (1st Cir. 2001); *United States v. Murphy*, 193 F.3d 1, 6 (1st Cir. 1999); *United States v. Catano*, 65 F.3d 219, 224 (1st Cir. 1995).

- Statements which are questions: *United States v. Vest*, 842 F.2d 1319, 1330 (1st Cir. 1988).

- Statements which show that the declarant "had certain information, or entertained a specific belief, ....": *Murphy, supra* at 6 n. 2.

- Statements offered "to supply a motive for the listener's action" or the basis on which the listener took an action: *Bailey, supra* at 87; *Murphy, supra* at 6 n. 2; *Lindsey v. Prive Corp.*, 161 F.3d 886, 895 (5th Cir. 1998); *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1434-1435 (10th Cir. 1993); *United States v. Hansen*, 994 F.2d 403, 407-408 (7th Cir. 1993).

- Statements offered to show context in which persons were operating: *Bailey, supra* at 87; *Atlantic-Pacific Construction Company v. NLRB*, 52 F.3d 260, 263 (9th Cir. 1995).

- Statements made contemporaneously with an act which clarify its nature and purpose: *United States v. Romano*, 684 F.2d 1057, 1066 (2nd Cir. 1982).

Given this legal framework, it is clear that the statements made at the various Board meetings will not be offered for the truth of the matters asserted and are not objectionable on hearsay grounds. The very fact that Nigel Potter brought the issue to the Wembley plc Board is a verbal act with specific consequences within the Wembley context: that the matter was thereafter reserved for the Board and not one for Mr. Potter's decision. Further, under *Hicks* his statements are ones requesting assistance, and are generically non-hearsay. Exactly what he said to the Board will show the nature of the information he possessed, his understanding of that information, and the context for his actions. *E.g., Bailey, supra* at 87; *Murphy, supra* at 6 n. 2.

The Board's responses in return will establish the basis on which Nigel Potter proceeded to act. They will "show the effect of the words spoken on the listener (e.g., to

supply a motive for the listener's action)," *Id.* They are part of the information base which he saw as justifying his later activities.. *See, Lindsey, supra; Faulkner, supra; Hansen, supra.*

The same holds true for the later meetings. The statements made by the participants show the basis on which the Wembley plc Board acted (or did not act, as the case may be). They establish that the matter was indeed one for Board discussion and with which it was dealing. And they give a context for Mr. Potter's actions, all of which are critical to any assessment of his intent.

Further, Mr. Potter's requests for advice from the auditors and from an independent attorney are by their very nature something which is not offered for the truth of the matter asserted. What is important is that the requests were made, and that instructions or advice were returned, which in turn formed the basis for later actions.

Absolutely none of this is hearsay. It is, however, critical to an adequate defense of this case. No finder of fact can fairly assess what was in Mr. Potter's mind in 2000 unless s/he understands the context in which he was operating, what he said and was told, and the impact those statements had both on the corporation itself and on Mr. Potter's individual actions.

**<u>Admissible Even if Hearsay</u>**

Even if any portion of the statements which the defense will introduce were hearsay, F.R.Evid. 803(3) would require its admission nonetheless. Rule 803(3) carves out, as an exception to the hearsay rule, any statement of "the declarant's then-existing statement of mind ... (such as intent ...)." The First Circuit Court of Appeals has

observed that "'the least complicated situation involving mental state to which Rule 803(3) applies is when the statement is used to evidence a state of mind in issue. When a declaration is used to evidence a state of mind directly in issue, one encounters little difficulty in justifying the admission of the declaration.'" *United States v. Ouimette,* 753 F.2d 188, 192 (1st Cir. 1995), quoting 4 J. Weinstein and M. Berger, *Weinstein's Evidence,* § 803(3) [3 at 803-111] (1984).

Rule 803(3) is subject to but a single qualification: a statement concerning mental condition is inadmissible if it is a "statement of memory or belief" offered "to prove the fact remembered or believed." F.R.Evid. 803(3). The dividing line between an admissible statement of intention or belief and an inadmissible one under Rule 803(3) is thus a matter of temporal perspective. If the statement concerns "what [the speaker] was thinking in the present," it is admissible; if it concerns "what [the speaker] or someone else had done in the past," it is not. *United States v. DiMaria,* 727 F.2d 265, 271 (2nd Cir. 1984). *See, Colasanto v. Life Insurance Company of North America,* 100 F.3d 203 (1st Cir. 1996).

There is no other restriction. This Court, for instance, cannot refuse to admit a defendant's own out-of-court statement under 803(3) on the ground that it is "self-serving." *United States v. Cordascia,* 951 F.2d 474, 487 (2nd Cir. 1991). A protest against self-serving evidence "is reminiscent of obsolete thinking excluding the testimony of interested parties." *Cross Baking Company, Inc. v. National Labor Relations Board,* 453 F.2d 1346, 1348 (1st Cir. 1971).

Defendant believes the evidence he will offer is not hearsay under Rule 801(c) as it will not be offered for the truth of the matters asserted. But even if it were, Rule 803(3) is a fail safe which demands its introduction into evidence.

Respectfully submitted,
NIGEL POTTER
By his Attorneys,

C. LEONARD O'BRIEN, ESQ. (#1886)
B. JEAN ROSIELLO, ESQ. (#2886)
MacFadyen, Gescheidt and O'Brien
The Owen Building
101 Dyer Street
Providence, RI 02903

Dated: July 27, 2005

**CERTIFICATION**

I hereby certify that I hand delivered a copy of the within document to Craig Moore and Lee H. Vilker, Assistant United States Attorneys, U.S. Attorney's Office, 50 Kennedy Plaza, 8th floor, Providence, RI 02903; to John Tarantino, Esq., Adler, Pollock & Sheehan, P.C., 1 Citizens Plaza, 8th Floor, Providence, RI 02903, and to Anthony Traini, Esq., 56 Pine Street, Providence, RI 02903, on the 27 day of July, 2005.