**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 03-081ML** |
| | : | |
| **NIGEL POTTER;** | : | |
| **DANIEL BUCCI; and** | : | |
| **BURRILLVILLE RACING ASSOCIATION** | : | |
| **a/k/a LINCOLN PARK** | : | |
| **a/k/a LINCOLN GREYHOUND PARK** | : | |
| **a/k/a LINCOLN PARK, INC.** | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUPPLEMENTAL JURY INSTRUCTION NO. 16**

The Government strongly objects to defendants' proposed jury instruction defining the intent element necessary in an honest services wire fraud prosecution. As described in detail below, the Government believes defendants' proposed instruction: (i) unnecessarily confuses and complicates the straight-forward intent requirement, (ii) improperly injects argument into this instruction and (iii) incorrectly provides that a specific *quid pro quo* is required.

The First Circuit has made clear that "for the government to establish the requisite intent to deprive the public of a legislator's honest services, the first of the two intent requirements for honest services mail [or wire] fraud, the defendant must have intended to influence that legislator in her official action." United States v. Sawyer, 239 F.3d 31, 41 (1st Cir. 2001), *hereafter* "Sawyer II", *citing* United States v.

Sawyer, 85 F.3d 713, 730 (1st Cir. 1996), *hereafter* "Sawyer I," (emphasis added). As the Sawyer II court noted, there is no requirement, as the defense instruction suggests, that specific strings be attached. Rather, so long as the defendant intended to influence a public official in his or her official duties, the government may demonstrate intent in many ways:

> For example, a bribery-like, corrupt intent to influence official action necessarily is an intent to deprive the public of an official's honest services. A person might not, however, give an unlawful gratuity with the intent to effect a specific quid pro quo. Rather, as the government contends here, a person with continuing and long-term interests before an official might engage in a pattern of repeated, intentional gratuity offenses in order to coax ongoing favorable official action in derogation of the public's right to impartial services.

Sawyer II, 239 F.3d at 41 (quoting Sawyer I, 85 F.3d at 730) (emphasis added). In other words, "in the prosecution of a non-public official [], 'the government must prove that the target of the scheme is the deprivation of the official's honest services.'" Sawyer II, 239 F.3d at 46 (emphasis added).

Given the straight-forward manner in which the First Circuit has defined the intent element under 18 U.S.C. §§ 1343 and 1346, the Government requests that the jury simply and accurately be instructed what it is that the Government must establish: that the defendants intended to influence or otherwise improperly affect a public official's performance of his or her official duties.

Instead of merely defining what it is that the Government must prove, the defendants seek to inject their closing arguments into this instruction by putting forth their views as to what would not constitute the requisite intent. Defendants therefore request an instruction that provides that (i) it is not enough if a defendant intended to cultivate a political or business tie with a public official, (ii) it is not enough if the defendant intended to create a public impression that he had ties to the public official, (iii) it is not enough that the defendant offered payment with the hope of "some non-specific good will", (iv) it is not unlawful to hire a lawyer whose partner is a member of the legislature, (v) it is not unlawful to pay a bonus or retainer, (vi) it is not enough if the Speaker of the House "did not vote or do any official acts" in relation to matters before the General Assembly that affected defendants, (vii) it is not enough unless the defendants believed that Mr. Harwood would not recuse himself, and (viii) it is not enough if the payment was made without strings attached.

The Government believes that the defendants' proposed instruction is plainly wrong on a number of the above items. For example, the Government does *not* need to show that the defendants believed that Mr. Harwood would recuse himself from matters affecting Lincoln Park in order to sustain the burden of proving that the defendants intended on influencing a public official.

case, relied upon by defendants, in which the Government introduced evidence of the defendant having paid for a public official's attendance at entertainment and sporting events. Given that particular fact pattern, Judge Woodlock deemed it appropriate to instruct the jury that hospitality alone is not a crime unless it is accompanied by an intent to influence a public official's performance. In this case, there is absolutely no reason to believe that the jury would confuse the payment of a legitimate bonus with a payment designed to influence a public official in his or her duties.

Finally, there is no reason to instruct the jury that it cannot find an intent to deprive the public of honest services solely on the basis of evidence that the defendant intended to cultivate political or business ties with a public official. It is true that similar instructions were approved by the First Circuit in United States v. Sawyer, 85 F.3d 713 (1st Cir. 1996) and United States v. Woodward, 149 F.3d 46 (1st Cir. 1998). However, both Sawyer and Woodward involved lavish gifts being bestowed upon a politician by a lobbyist. Under that fact pattern, it certainly made sense to instruct the jury that the mere intent to cultivate political ties with a political figure would not be enough. In this case, there has been no evidence of any defendant bestowing gifts upon Mr. Harwood or otherwise

acting in a manner which would suggest a mere intent to cultivate ties with him.

In summary, the Government strenuously opposes the defendants' proposed instruction concerning the intent element in an honest services wire fraud prosecution. That proposed instruction unnecessarily confuses the straight-forward intent requirement, improperly injects argument into this instruction and provides an incorrect recitation of the law on a number of issues. The jury should simply be instructed as to what it is that the Government must prove, *i.e.*, that the defendants intended to influence a public official in his or her official duties.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

ROBERT CLARK CORRENTE
United States Attorney

CRAIG N. MOORE
Assistant U.S. Attorney

LEE H. VILKER
Assistant U.S. Attorney

Dated: August 2, 2005

**CERTIFICATE OF SERVICE**

I, Lee Vilker, hereby certify that on this 2nd day of August, 2005 I served by hand a copy of the within Government's Memorandum in Opposition to Defendant's Motion For Supplemental Jury Instruction on the following counsel of record:

John Tarantino, Esquire
Adler Pollock & Sheehan
2300 Financial Plaza
Providence, Rhode Island 02903

C. Leonard O'Brien, Esquire
MacFadyen, Gescheidt & O'Brien
101 Dyer Street
Providence, RI 02903

Anthony M. Traini, Esq.
56 Pine Street - Suite 2
Providence, RI 02903