IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. No. 03-81 ML (Superseding) |
| | : | |
| NIGEL POTTER; | : | |
| DANIEL BUCCI; and | : | |
| BURRIVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**DEFENDANTS' JOINT MOTION FOR ADDITIONAL SUPPLEMENTAL JURY INSTRUCTIONS**

Defendants jointly request this Court under F.R.Crim.P. 30(a) to instruct the jury according to the attached Additional Supplemental Instructions. This request supplements the Requests For Instructions already filed with this Court in the first trial of this case, and any other requests made by the Defendants.

Respectfully submitted,

DANIEL BUCCI,
By His Attorney,

Anthony M. Traini (#4793)
56 Pine Street-Suite 2
Providence, RI 02903
Tel. 401.621.4700
Fax 401.621.5888

NIGEL POTTER,
By his Attorney,

C. Leonard O'Brien (#1886)
MacFadyen, Gescheidt & O'Brien
The Owen Building
101 Dyer Street
Providence, RI 02903
Tel. 401.751.5090
Fax 401.751.5096

LINCOLN PARK, INC.,
By Its Attorneys,

John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. 401.274.7200
Fax 401.351.4607

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2005, I served a copy of the foregoing pleading by mail/hand delivery, upon Craig N. Moore, Esquire, and Lee H. Vilker, Esquire, Assistant United States Attorneys, United States Attorney's Office, The Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.

Reasonable Doubt

The First Circuit has approved the following formulation by Judge Keeton:

> As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.
>
> A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.
>
> Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions – one that a defendant is guilty as charged, the other that the defendant is not guilty – you will find the defendant not guilty.
>
> It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond a reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.
>
> Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

*First Circuit Pattern Jury Instructions - Criminal* 3.02
[Proof Beyond a Reasonable Doubt] (1998);
Quoting *U.S. v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997)

that the government has presented independent evidence—that is, evidence independent of the scheme itself—of that defendant's intention to deprive the public of John Harwood's honest services.

Therefore, even if you find that the evidence concerning payment of a bonus or retainer to Mr. McKinnon could have, or might have, but would not necessarily have caused Mr. Harwood to fail to give honest services to the public, then you may not find any defendant guilty of wire fraud unless you also find that the government has proven by independent evidence that such defendant intended to cause Mr. Harwood to breach his duty to give honest services. Independent evidence means evidence that stands separate and apart from evidence relating to the paying of a bonus or retainer to Mr. McKinnon.

And, like all other elements of the charges, the government must prove this element beyond a reasonable doubt.

*United States v. Sawyer*, 85 F.3d 713, 725 (1st Cir. 1996)

Supplement to Court's Instruction No. 19

(To be instructed following Court's 19 as 19A))

An essential element of any conspiracy charge is an agreement between at least two persons. In this case, Lincoln Park alone cannot be one of those persons. Therefore, if you find either Mr. Potter or Mr. Bucci not guilty of the conspiracy charge, you must find all the defendants not guilty.

In other words, if you have any reasonable doubt concerning the guilt of either Mr. Potter or Mr. Bucci as to the conspiracy charge, you are required to acquit all the defendants.