IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS. | : | CR. No. 03-81 ML (Superseding) |
| | : | |
| NIGEL POTTER; | : | |
| DANIEL BUCCI; and | : | |
| BURRIVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

**DEFENDANTS' JOINT MOTION FOR APPROPRIATE RELIEF**

Defendants jointly move this Honorable Court as follows:

1. Pursuant to the provisions of F.R.Crim.P. 29, the Defendants renew their several motions for Judgment of Acquittal on all counts of the indictment.

2. In the event the Court does not grant the relief requested in paragraph 1 and continues to reserve ruling on the Rule 29 motions, the Defendants again move for mistrial for the reasons expressed below.

In support hereof, the Defendants submit the following:

First, on August 4, 2005, in rebuttal closing argument before the jury, the Government improperly expressed the position that it had not in fact offered to the jury during the trial all the evidence that would have been available to the Government, either because of its failure to do so or because the Court may have admitted some additional evidence

The prosecutor stated:

> If something's missing, if something isn't perfect, blame me. The Government's not perfect. I'm not perfect. Maybe it could have been done better.

> Maybe there could have been something that I could have given you, brought in here. Maybe I could have brought something in that the Court would have allowed in that didn't come in.
>
> Tr. August 4, 2005 @ p. 73.

This argument was completely improper, and the Court cautioned the jury in this regard. However, even more importantly for purposes of this motion, it amounted to a concession by the Government in open court that it had not proved its case beyond a reasonable doubt. As a result of this concession, the Court should now grant the Rule 29 motions. The Government's concession was made in direct response to the fact that in closing argument, the Defendants pointed out to the jury that there had been no evidence introduced by the Government at trial by which the jury could perform the analyses necessary to convict under an honest services theory. This was the precise basis for the motions for judgment of acquittal argued on August 2. The Government's concession in its rebuttal that it indeed did not introduce this evidence requires that the Court now grant the motions.

Secondly, if the Court declines to grant the Rule 29 motions at this time and instead reserves this renewed request along with the earlier ones, the Defendants renew their earlier request for mistrial on the further ground that the Government's rebuttal argument, in addition to being improper for the reasons stated in Court by the Defendants on August 4, also improperly suggested to the jury that it should convict the defendants based on sympathy for the Government. The prosecutor appealed to the jury to "blame him" for the Government's failure to introduce the additional (but unoffered) evidence to which he alluded, but to nevertheless convict the defendants. This amounted to a

suggestion that the jurors violate their oath, disregard the Court's instruction that sympathy play no part in their deliberations, and decide the case not only on an improper basis, but decide it in exactly the opposite manner in which the Court instructed and the law requires, *i.e.,* on the basis of evidence actually introduced at trial without speculation as to what other evidence may exist. Such an appeal to the jury's sympathy was improper and requires a mistrial. This request, and any mistrial so granted, must be found to have been induced by the Government and therefore constitute a double jeopardy bar to any retrial, pursuant to *Oregon v. Kennedy,* 456 U.S. 667, 679, 102 S.Ct. 2083, 2091-92, 72 L.Ed.2d 416 (1982).

During the Rule 29 arguments on August 2 it was made clear that the Government had in fact not offered the evidence necessary to prove the allegations in the indictment. When that failure was highlighted and laid at the Government's doorstep during final arguments on August 4, the Government chose in rebuttal to address what was clear that the jury would recognize: that the Government had failed in its proof and the case was all but lost. The Government then made a decision to try to salvage the case by acknowledging the failure to produce evidence, suggest that there was additional evidence available that it might have offered, and the jury should "blame" the prosecutor, who said "I'm not perfect" and that, despite the lack of evidence, convict the defendants on the basis of the missing evidence and/or sympathy for the Government. This is Government conduct which goaded, induced or otherwise compelled the defendants to move for mistrial within the meaning of *Oregon v. Kennedy*.

The Government has previously acknowledged during this trial that this is a "close case" and it implored the Court to reverse its earlier ruling from the first trial and

admit Government Exhibits 150 and 151 because it "needed" that evidence in order to successfully prosecute the defendants. The Government even told this Court that it did not believe it needed that evidence at the first trial, but that as this trial developed it determined that it did, in fact, require more evidence.

The Court knows that the first trial ended in a hung jury and a mistrial on those counts on which the defendants were not acquitted. The Government repeatedly urged the Court to allow the introduction of evidence barred by Rule 403, and the Court declined. For the Government to then suggest in its rebuttal that there was missing evidence that the jury was not presented is wholly improper. Furthermore, for the Government to suggest in its rebuttal that its failure to introduce evidence crucial to the honest services charge is equally improper.

Therefore, the Court should declare a mistrial and the indictment should be dismissed for the reasons stated above.

Respectfully submitted,

DANIEL BUCCI,
By His Attorney,

Anthony M. Traini (#4793)
56 Pine Street-Suite 2
Providence, RI 02903
Tel. 401.621.4700
Fax 401.621.5888

NIGEL POTTER,
By his Attorney,

C. Leonard O'Brien (#1886)
MacFadyen, Gescheidt & O'Brien
The Owen Building
101 Dyer Street
Providence, RI 02903
Tel. 401.751.5090
Fax 401.751.5096

LINCOLN PARK, INC.,
By Its Attorneys,

John A. Tarantino (#2586)
Patricia K. Rocha (#2793)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel. 401.274.7200
Fax 401.351.4607

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2005, I served a copy of the foregoing pleading by mail/hand delivery, upon Craig N. Moore, Esquire, and Lee H. Vilker, Esquire, Assistant United States Attorneys, United States Attorney's Office, The Fleet Center, 50 Kennedy Plaza, Providence, RI 02903.