IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | |
| NIGEL POTTER; | : | CR 03-81-01ML |
| DANIEL BUCCI; and | : | (Superseding Indictment) |
| BURRILLVILLE RACING ASSOCIATION | : | |
| a/k/a LINCOLN PARK | : | |
| a/k/a LINCOLN GREYHOUND PARK | : | |
| a/k/a LINCOLN PARK, INC. | : | |

## AFFIDAVIT OF C. LEONARD O'BRIEN

I, C. Leonard O'Brien having been sworn, do state as follows:

1. I am an attorney licensed to practice law in the state and federal courts of Rhode Island.
2. I represent Nigel Potter in the case of *United States v. Potter, et al.*, CR 03-81-01 ML and served as trial counsel during his recent trial in the federal District Court in Worcester, Massachusetts.
3. I was present during Assistant United States Attorney Craig Moore's rebuttal argument on August 4, 2005.
4. I recall that, at the beginning of his argument, after referring to "something that may be missing" and "something that I could have given you," Mr. Moore spoke the phrase, "that the court didn't let come in."
5. I realized that the comment was objectionable and immediately wrote the words, "something the court did not let in" into the notebook in front of me.
6. After Mr. Moore finished his rebuttal, I wrote essentially the same words on a separate piece of paper and gave that note my associate, Jean Rosiello. I intended that she use it as a point of reference when asking the stenographer to search what had been taken down during that portion of Mr. Moore's argument.
7. Within a few minutes, Ms. Rosiello showed me her handwritten copy of what was found on the "real-time" transcript. It contained the phrase "that the court didn't let

come in." The words were consistent with my original note and my recollection, at that time, of what Mr. Moore had said.

8. Later, while at the side bar requesting a mistrial, I saw the "real-time" transcript of Mr. Moore's argument on the court's monitor and heard Anthony Traini, read what was displayed on that screen. What I saw at that time and what I heard Mr. Traini read was what I heard Mr. Moore say to the jury.

9. More recently, I have seen the final version of the transcript and heard a tape recording of the portion of Mr. Moore's argument which is in question. Both contain the words, "…that the court would have allowed in that didn't come in" as opposed to the words, "…that the court would have allowed, that the court didn't let come in" (as read by Mr. Traini at side bar). Based on my overall recollection of what Mr. Moore said and because I distinctly recall his using the word "court" twice in that same sentence when he spoke it, I believe that the rendition that I saw on the Court's monitor on August 4, 2005, is what I heard in court on that day.

SIGNED AND SWORN TO THIS 11th DAY OF AUGUST, 2005.

C. Leonard O'Brien

On the 11th day of August, 2005, in the City of Providence, County of Providence, State of Rhode Island, before me came C. Leonard O'Brien, who acknowledged his signature above to be his free act and deed.

Notary Public Lise J. Gescheidt
My commission expires: 7/1/09