**U.S. Department of Justice**

*United States Attorney*
*District of Rhode Island*

Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

(401) 709-5000
FAX (401) 709-5001

October 26, 2005

**Via Hand Delivery**

Hon. Mary M. Lisi
United States District Judge
John O. Pastore Federal Building
2 Exchange Terrace
Providence, Rhode Island 02903-1779

Re: United States v. Nigel Potter, et. al
CR 03-081ML

Dear Judge Lisi:

Please accept this letter in lieu of a more formal memorandum in response to defense counsel's October 24, 2005, letter to Your Honor concerning certain issues that may arise at sentencing. In that letter, defense counsel for Nigel Potter ("Potter") and Daniel Bucci ("Bucci") indicate that if terms of imprisonment are imposed, they will: (i) argue for bail pending appeal, (ii) seek a stay of the sentences should the Court deny bail pending appeal, and (iii) request that their clients be allowed to voluntarily surrender. This letter is intended to outline the United States' position on these three issues.

**Bail Pending Appeal**

Title 18, United States Code, Section 3143(b) governs the release or detention of a defendant pending appeal. It provides, in pertinent part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds -

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -
>
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

Thus, under the provisions of 18 U.S.C. §3143(b), a defendant *shall* be detained unless it is established by clear and convincing evidence that he or she is not risk of flight or a danger to the community and the appeal raises a "substantial" question likely to lead to a specific result, such as reversal or a new trial.

Should the Court impose sentences of imprisonment, the United States will oppose defendants' anticipated motions for bail pending appeal. First, the United States submits that Potter poses a significant risk of flight should he be released on bail pending appeal. A resident and national of the United Kingdom, Potter has no discernible ties to the United States, much less Rhode Island. While it is true that Potter to date has been compliant with his conditions of release, he has done so while mounting a vigorous defense and in now arguing for a sentence below the applicable guideline range. If and when a term of imprisonment is imposed, Potter will at that point know with certainty that he will be serving a substantial sentence in a United States prison. The temptation for Potter to stay at home and not return to the United States to commence his sentence will be enormous. Potter cannot show by clear and convincing evidence that he is not likely to flee should he be granted bail pending appeal.[1]

---

[1] While the certainty of a prison sentence would also provide Bucci with an incentive to flee, Bucci, unlike Potter, has significant local ties to the community.

Second, neither defendant can establish that the appeal raises "a substantial question of law or fact likely to result in . . . reversal . . . an order for a new trial . . . a sentence that does not include a term of imprisonment, or . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B) (emphasis added). In United States v. Bayko, 774 F.2d 516, 522-23 (1st Cir. 1985), the First Circuit defined a "substantial question" as one that is "'close'" or that "'very well could be decided the other way.'" Bakyo also defines a "substantial question" negatively in the sense that questions are not "substantial" merely if they are (1) "'novel,'" (2) not the subject of "'controlling precedent,'" (3) "'undecided,'" or (4) "'fairly debatable.'" Moreover, Bayko makes clear that a district court may not grant bail merely if there is a "'possibility of reversal.'" Bayko, 774 F.2d at 523.

In their October 24, 2005, letter to the Court, defendants do not identify which, if any, questions they believe are substantial and likely to result in reversal. The United States believes no such questions exist. Defendants' anticipated motion for bail pending appeal should therefore be denied.

**Stay of Execution**

Defendants next assert that if the Court were to deny their applications for bail pending appeal, they will seek a sixty day stay of execution of their sentences to appeal that decision to the First Circuit. The Government opposes this request.

For this issue even to be relevant, the Court would have had to already rule that defendants should be denied bail because they are risks of flight and/or because their appeal does not raise a substantial question of fact or law. Having determined that there are no "substantial" or "close" questions of fact or law, there would be no reason to stay execution of the sentences so that the defendants can press this same argument with the First Circuit.

The pertinent statute, 18 U.S.C. §3143(b), *mandates* that sentenced defendants be detained if their appeals raise no substantial questions of law or fact. If this Court determines that no substantial questions have been raised, the defendants will be in the exact same position as every other defendant who appears before Your Honor. A stay of execution of the sentences would undermine the Bail Reform Act, which requires that sentenced defendants be detained unless there are substantial questions raised by an appeal.

The defendants are in effect requesting that the Court carve out an exception under the Bail Reform Act for white collar criminals like the defendants, who, although unable to articulate a "substantial" question, are seeking to have the execution of their sentences stayed.

It is true, as defense counsel notes, that Judge Torres granted a stay of execution of the sentences in the *Cianci* case. However, that case involved defendants with extensive local ties who presented virtually no risk of flight while the bail issues were being litigated in the First Circuit. Such is not the case here, at least with respect to Potter.

If this Court were to deny bail pending appeal, staying execution of the sentences would send exactly the wrong message to the public and would serve to undermine the deterrent value the sentences will hold. It would send the message that even though these white-collar defendants have failed to raise any "close" questions, they, unlike all other defendants, are released pending a further court proceeding. Defendants' application for a stay of execution of the sentence should be denied.

**Voluntary Surrender**

The defendants also request that they be permitted to voluntarily surrender should they be sentenced to terms of imprisonment. As outlined above, the United States believes that Potter in particular poses a significant risk of flight. The United States will therefore likely be opposing Potter's request to voluntarily surrender, particularly if he is allowed to return to the United Kingdom after he is sentenced.

The professed reason the defendants offer for voluntary surrender is the effect voluntary surrender would have on their placement within the Bureau of Prisons. In particular, defendants assert that their BOP "score" will be adversely affected should they be remanded at sentencing.

The undersigned has spoken with an official from the Bureau of Prisons in Boston. That official confirmed that defendants who voluntarily surrender receive a decreased BOP "score" that is used in determining placement. However, the BOP official stated that for a first time white-collar offense involving $4 million, defendants would receive a score that would permit them to attend a minimum security camp, such as the Federal Prison Camp at Devens,

Massachusetts, if a spot at the facility is available. Significantly, defendants' score would be low enough to place them in a camp even if they were remanded at sentencing. The BOP official also stated that no additional points are added if there is an outstanding federal immigration detainer. Finally, the official did confirm that Potter, as a foreign national, would be ineligible for a camp facility without a judicial recommendation and a waiver executed by the regional director of the BOP. Even without such a waiver, Potter, however, would be eligible for placement in a low security facility.

In summary, it does not appear that defendants' placement within the Bureau of Prisons would be adversely affected if they were remanded into custody at sentencing.

Thank you for your consideration of these issues.

Sincerely,

ROBERT CLARK CORRENTE
United States Attorney

Lee Vilker

LEE H. VILKER
Assistant U.S. Attorney

cc (by hand): Anthony M. Traini, Esq.
John A. Tarantino, Esq.
C. Leonard O'Brien, Esq.